UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SHAWN HUFFMAN,                                                    Plaintiff

v.                                                 Civil Action No. 3:25-cv-285-RGJ

JHPDE FINANCE I, LLC, *et al.,*                                   Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Shawn Huffman ("Huffman") alleges Defendants JHPDE Finance I, LLC ("JHPDE") and Javitch Block LLC ("Javitch") (collectively "Defendants") have retained $15,408.65 to which Huffman is entitled in violation the Fair Debt Collection Practices Act ("FDCPA") and Kentucky law.

Defendants moved to stay the case pending resolution of an original action for a writ of prohibition filed May 15, 2025, in the Kentucky Court of Appeals, Case No. 2025-CA-0605, styled *JHPDE Finance I, LLC* and *Javitch Block LLC*, v. *Honorable Susan Schultz Gibson, Jefferson Circuit Court Judge and Tracy E. Davis, Jefferson Circuit Court Judge*. [DE 8]. That matter was resolved by order of the Kentucky Court of Appeals on October 21, 2025. *See JHPDE Fin. I, LLC v. Gibson*, No. 2025-CA-0605-OA, 2025 WL 3038895 (Ky. Ct. App. Oct. 31, 2025).[1] Accordingly, Defendant's Motion to Stay Proceedings [DE 8] is **DENIED as moot**.

Defendants now move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). [DE 21]. Huffman responded [DE 25] and Defendants replied [DE 26]. This matter is ripe for adjudication. For the reasons below, Defendants' Motion for Judgment on the Pleadings [DE 21]

---

[1] Huffman opposed the stay. [DE 10].

is **GRANTED in part and DENIED in part** and this case is **REMANDED** to the Jefferson Circuit Court.

## I.   BACKGROUND

This case arises out of an action filed by JHPDE against Huffman in the Jefferson County Circuit Court, Action No. 22-CI-004116 (the "4116 Action"). [DE 21 at 151]. JHPDE brought the action to collect a delinquent credit card debt from Huffman. [DE 1-1 at 4]. The Jefferson Circuit Court entered summary judgment against Huffman, after which JHPDE filed a nonwage garnishment and recovered the full judgment amount of $15,408.65. [*Id.* at 5].

Huffman subsequently moved for post-judgment discovery and sanctions in the 4116 Action. [DE 21 at 152–53]. On December 19, 2024, Jefferson Circuit Court Judge Gibson entered a further order in the 4116 Action that "the Summary Judgment . . . is hereby set aside. Funds garnished since that date shall be returned to Defendant." [*Id.* at 153]. JHPDE did not return the funds.

Following the order setting aside judgment, on April 14, 2025, Huffman commenced this action in Jefferson Circuit Court, alleging JHPDE: (1) violated the federal Fair Debt Collection Practices Act ("FDCPA") by failing to abide by the order entered in the 4116 Action requiring JHPDE to return the garnished funds to Huffman; and (2) converted the garnished funds by refusing to comply with the order. [See DE 1-1 ("Complaint")].[2] JHPDE removed the case to this Court on May 19, 2025. [DE 1.]

JHPDE then petitioned the Court of Appeals of Kentucky for a writ of prohibition claiming "the Circuit Court's jurisdiction over the 4116 Action ended after entry of final judgment on May 19, 2023, the judgment was not subject to modification after it was satisfied on February 9, 2024,

---

[2] The state court case was styled *Shawn Huffman v. JHPDE Finance I, LLC*, Circuit Court of Jefferson County, Kentucky, Case No. 25-CI-002878.

and the subsequent post-judgment orders were void." [DE 21 at 154 (citing DE 8-1 at 38–48)].

The Court of Appeals entered its order granting the writ of prohibition on October 31, 2025:

> As to Jefferson Circuit Court Action No. 22-CI-004116, the petition for a writ of prohibition is hereby GRANTED. The circuit court's October 28, 2024, order compelling discovery and the December 19, 2024, order sanctioning JHPDE, setting aside the May 19, 2023 summary judgment, and compelling JHPDE's disgorgement of garnisheed monies were entered when the circuit court lacked subject matter jurisdiction and under circumstances denying JHPDE the right to appeal. Those orders are therefore void *ab initio*.

*JHPDE Fin. I, LLC v. Gibson*, 2025 WL 3038895, at \*8 (emphasis in original).

## II.    STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When deciding a motion for judgment on the pleadings, the Court applies the same legal standard as it would for a Rule 12(b)(6). *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010).

Rule 12(b)(6) states that a court may dismiss a claim when the opposing party demonstrates that the claim "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For purposes of such a motion, all well pleaded material allegations of the pleadings of the non-moving party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). However, the Court need not accept as true unsupported legal conclusions or unwarranted factual inferences. *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). A complaint that fails to allege a legally cognizable claim or that fails to offer sufficient factual basis to show entitlement to relief "must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As such, a motion for judgment on the pleadings should be granted when no material issue of fact

3

exists and the party making the motion is entitled to judgment as a matter of law. *Winget*, 510 F.3d, at 581-82.

In adjudicating a motion for judgment on the pleadings, the Court may consider not only the plaintiff's complaint but also the defendant's answer and any attachments thereto. *Baker v. Smiscik*, 49 F. Supp. 3d 489 (E.D. Mich. 2014) (citing Fed. R. Civ. P. 12(c)). *See also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) ("documents attached to the pleadings become part of the pleadings"). The Court may also consider public records, and "matters of which the court may take judicial notice." *Dudek v. Thomas & Thomas Attorneys & Couns. at Law, LLC*, 702 F.Supp.2d 826, 832 (N.D. Ohio 2010). *See also Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("[A] court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.").

### III.    DISCUSSION

As a threshold issue, the parties disagree about the legal effect of the writ of prohibition issued by the Kentucky Court of Appeals in *JHPDE Fin. I, LLC v. Gibson*, 2025 WL 3038895 (Ky. Ct. App. Oct. 31, 2025).

Defendants assert they are entitled to judgment on the pleadings because Huffman's claims "hinge on the validity of" the void *ab initio* sanctions order entered by the Jefferson County Circuit Court in the 4116 Action. [DE 21 at 159]. Thus, Huffman's FDCPA claims fail as a matter of law because Defendants lawfully retained the garnished judgment against Huffman and Huffman's conversion claims fails under Kentucky law because he "cannot establish an entitlement to return of the money recovered from him for purposes of a conversion claim." [*Id.*].

Huffman responds that "[t]he opinion and order is non-final because [he] filed a timely appeal to the Kentucky Supreme Court on November 7, 2025." [DE 25 at 175]. Relying on *Norton*

4

*Hosps., Inc. v. Willett* for the proposition that "[a] trial court retains jurisdiction over the case and its discovery methodology despite a pending writ," Huffman argues the circuit court's order that JHPDE return the funds to Huffman remains in effect. 483 S.W.3d 842, 847 (Ky. 2016), *as corrected,* (May 10, 2016). [*See also* DE 25 at 179 ("Only when and if the Court of Appeals opinion becomes final does the Jefferson Circuit Court's order become void and unenforceable.")].

Huffman's position is wrong as a matter of law. First, the writ of prohibition is not pending—it has issued. In any event, the Kentucky Supreme Court in *Norton* clarified that while a trial court retained jurisdiction despite a "pending writ" it must nevertheless "respect the writ process and the party's right to proceed in that manner." *Norton*, 483 S.W.3d at 847. Thus, it was error for the trial court to "produce documents that a party alleges are privileged in the face of a writ challenging the trial court's determination that they are not privileged." *Id. Norton* is therefore inapplicable.

Second, the appellate court's order squarely forecloses Huffman's argument that the lower court's December 19, 2024, order is still in effect. The Kentucky Court of Appeals found that order "void *ab initio*" for lack of subject matter jurisdiction. *See JHPDE Fin. I, LLC*, 2025 WL 3038895, at \*8 (*quoting Cabinet for Health and Fam. Services v. J.T.G.*, 301 S.W.3d 35, 39 (Ky. App. 2009) ("[A]ny order issued by a court that did not have proper jurisdiction is 'void *ab initio*'"). Such orders are "not entitled to any respect or deference by the courts." *Cabinet for Health and Fam. Services*, 301 S.W.3d at 39.[3] The fact that Huffman has appealed the writ is irrelevant, because "the pendency of an appeal does not destroy the finality of the judgment for the purposes of issue

---

[3] Indeed, the court noted that if Huffman believed there were grounds to set aside the summary judgment order, he was free to move for "relief pursuant to CR 60.02(d), (e), or (f)," *JHPDE Fin. I, LLC*, 2025 WL 3038895, at \*8. Rule 60.02 of the Kentucky rules of Civil Procedure provides relief from a "final judgment, order, or proceeding" under limited circumstances. Ky. R. Civ. P.  But even if those circumstances were present here and Huffman had made such a motion, "[a] motion under [CR 60.02] *does not affect the finality of a judgment or suspend its operation*." *Id.* (emphasis added).

preclusion under Kentucky or Sixth Circuit law." *Maxum Indem. Co. v. Broken Spoke Bar & Grill, LLC*, 420 F. Supp. 3d 617, 627 (W.D. Ky. 2019). Any argument that the October 28, 2024, order in the 4116 Action is still in effect—or indeed, that it ever had the force of law—is therefore precluded. *See Watt v. United States, 162 F. App'x 486, 503 (6th Cir. 2006) (*explaining when a "judgment is void ab initio[,] it is as if the judgment never existed") (*quoting In re James*, 940 F.2d 46, 52 (3d Cir.1991) ("A void judgment is one which, from its inception, was a complete nullity and without legal effect.").

### A. FDCPA Claims

Huffman alleges claims under sections 1692e(5) and 1692f(1) of the FDCPA. [DE 25 at 181]. Both theories of liability rest on the premise that Defendants "def[ied] the Jefferson Circuit Court's express order to return Mr. Huffman's garnished funds to him." [*Id.*]. Thus, according to Huffman, Defendants "affirmatively took an action to retain the funds in satisfaction of the debt in means that cannot be legally taken" in violation of 15 U.S.C. § 1692e(5), and "collected and retained funds from Mr. Huffman that are neither authorized by agreement nor permitted by law" in violation of 15 U.S.C. § 1692f(1). [DE 1-1 at 7].

The FDCPA states that a debt collector may not threaten "to take any action that cannot legally be taken" (such as an illegal state court collection action), or to collect interest "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *See* 15 U.S.C. §§ 1692e(5), 1692f(1). Accordingly, to state a claim for relief under either provision, Huffman must first allege that Defendants either threatened action or took such action in connection with the collection of his debt that was not permitted by law. *Cf. Stratton v. Portfolio Recovery Assocs., LLC*, 706 F. App'x 840, 847 (6th Cir. 2017) (summary judgment denying

6

plaintiff's FDCPA claims was appropriate where defendant's attempts to collect debts were authorized by applicable state law).

Huffman's Complaint fails to clear this hurdle because he fails to allege that the nonwage garnishment was not permitted by law.[4] Instead, the sole allegations in the Complaint that Defendants' threatened or actual collection of Huffman's $15,408.65 was unlawful are as follows: (1) after Defendants "filed a nonwage garnishment and recovered the full judgment amount," the circuit court set aside its previous summary judgment order and ordered the funds returned to Huffman; and (2) Defendants did not return the funds. [DE 1-1 at 5].

Huffman cites three cases in which courts have found violations of the FDCPA after judgments in the underlying debt collection actions were vacated. [*See* DE 25 at 181–82]. However, any reliance on these cases is misplaced because each is readily distinguishable. *Micks* and *Hunter* found FDCPA violations where the defendants attempted to collect or did collect on default judgments *after* those judgments were set aside. *See Micks v. Gurstel Law Firm, P.C.*, 365 F. Supp. 3d 961, 974 (D. Minn. 2019) ("Gurstel garnished Micks's wages pursuant to a judgment that had been vacated. . . ."); *Hunter v. Palisades Acquisition XVI, LLC*, 2017 WL 5513636, at *7 (S.D.N.Y. Nov. 16, 2017) ("Defendants attempted to collect on a judgment against Ms. Hunter that had been vacated in a debt collection lawsuit that had been dismissed. . . ."). And in *Polanco*, the defendant refused to comply with "two Court Orders that vacated a *fraudulently* received [default] judgment" *See Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 583 (S.D.N.Y. 2015) (emphasis added). Unlike those cases, Defendants' collection activities here were

---

[4] Nor does it appear he could plausibly do so. As observed by the Kentucky Court of Appeals, "JHPDE served a non-wage garnishment on the garnishee, Fifth Third Bank, following the [] *authorized* collection procedures of Title XXXIX." *JHPDE Fin. I, LLC*, 2025 WL 3038895, at *2 (emphasis added). Regardless, the operative question at this stage is whether Huffman's well-pleaded allegations support a claim under the FDCPA. The Court concludes they do not.

undertaken in satisfaction of a lawful judgment. The only court order Defendants are alleged to have violated was unenforceable as a matter of law. Indeed, "it is as if the judgment never existed." *Watt*, 162 F. App'x at 503. The Court is unaware of any cases supporting FDCPA liability on similar facts to this case and Huffman cites none. *Cf. Okyere v. Palisades Collection, LLC,* 961 F. Supp. 2d 508, 519-520 (S.D.N.Y. 2013) (failure to return funds collected in satisfaction of judgment that was later set aside for lack of service did not violate FDCPA).

Having reviewed Huffman's Complaint, accepting all material allegations as true, the Court finds Huffman nevertheless fails to state a claim for which relief can be granted under the FDCPA. Defendants are therefore entitled to judgment as a matter of law and Huffman's FDCPA claims are **DISMISSED**.

Because Huffman's conversion claim arises under Kentucky law, the Court will remand this action to the Jefferson Circuit Court. *See Ray v. Citibank (S. Dakota), N.A.*, 187 F. Supp. 2d 719, 723 (W.D. Ky. 2001) ("In light of our disposition of the [FDCPA] claim in this action, we decline to address the plaintiff's state law claims."); *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims. . . . Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.") (citation modified).

### IV.    CONCLUSION

For the foregoing reasons, and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Defendants' Motion to Stay Proceedings [DE 8] is **DENIED as moot.**

8

(2) Defendants' Motion for Judgment on the Pleadings [DE 21] is **GRANTED in part and DENIED in part**.

Rebecca Grady Jennings, District Judge
United States District Court

March 18, 2026

cc: Jefferson Circuit Court, Case No. 25-CI-002878

9